UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY R. PUGH,

        Plaintiff,

v.

KAREN BRUNSON, *et al.*,

        Defendant.

Case No. C09-5180 RJB/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), and Local Rules MJR 3 and 4. The case is before the Court for review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of

ORDER
Page - 1

was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff alleges that he has been classified for a minimum security promotion and transfer, but due to overcrowding and insufficient facilities, staffing and budget, the Department of Corrections (DOC) failed to transfer him to a minimum security prison. Dkt. # 1-2, p. 5. Plaintiff alleges that during the time he waited to be transferred, he has been forced to commingle with close custody inmates on a daily basis. *Id*

Plaintiff alleges that in November 2008, while working as a referee at a inmate football game, he was assaulted by a close custody inmate. *Id*., p. 6. After a hearing where Plaintiff plead self-defense, he was found guilty and sanctioned to 15 days segregation and 25 days loss of good conduct time. *Id*., p. 7. Plaintiff appealed the finding and lost. *Id*. His transfer to the minimum facility was rescinded and he has been unable to find employment *Id*. Plaintiff alleges that he would not have been subjected to this "situation had DOC, represented by K. Brunson and E. Veil, had inmates properly separated." *Id*., p. 8.

Plaintiff asks the Court to vacate his infraction, restore the MI3 custody level, and seeks $1,000 a day since September 1, 2008, $2,500 a day for 15 days in segregation, and $100,000 for the assault by the close custody inmate. Dkt. # 1-2, p. 4. Plaintiff also seeks an order to "fix [the] classification system to keep minimum custody inmates from direct contact with close custody known violate inmates." Dkt. # 1-2, p. 4.

After review of Plaintiff's allegations, the Court offers the following guidance:

**Good Time Credits and Request to "Vacate" Infraction**

Plaintiff alleges that he was infracted and sanctioned to 15 days segregation and lost 25 good time credits. Dkt. # 1-2, p. 7. Plaintiff asks the Court to "vacate [the] infraction." *Id*., p. 4.

With regard to Plaintiff's request that his infraction be "vacated," it appears that a writ of habeas corpus may be his exclusive remedy. A writ of habeas corpus is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Neal v. Shimoda,* 131 F.3d 818, 824 (9th Cir.1997). This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action." *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that a claim for damages and declaratory relief brought by a prisoner challenging the validity of the procedures used to deprive him of good-time credits is *not* cognizable under 42 U.S.C. § 1983. The holding in *Balisok* was premised on the holdings in *Preiser,* 411 U.S. 475, and *Heck*, 512 U.S. 477, both of which limit prisoners to habeas relief where their claims necessarily challenge the duration of their confinement.

In *Preiser,* the Court held that the sole remedy for a prisoner seeking restoration of good time credits is a writ of habeas corpus. *Preiser*, 411 U.S. 489-90. Similarly, in *Heck,* the Court held that a claim for damages under §1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. *Heck*, 512 U.S. at 486. More specifically, the Court held that if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the prisoner's claim for damages is not cognizable under § 1983, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. at 487.

In *Balisok,* the plaintiff alleged violations of his due process rights under §1983 with regard to disciplinary proceedings that resulted in the loss of good-time credit. The Court held that plaintiff's alleged deprivations of due process during the disciplinary proceedings necessarily implied the invalidity

ORDER
Page - 3

of the punishment imposed, i.e., the loss of his good-time credits. *Balisok*, 520 U.S. at 648. The Court held that plaintiff's requests for damages and declaratory relief were therefore *not* cognizable under §1983.

In this case, Plaintiff seeks both monetary and injunctive relief. Dkt. # 1-2, p. 4. Plaintiff does not seek restoration of his good time credits or challenge the process by which his good time credits were taken. However, one of his primary claims for relief is injunctive relief in the form of an order vacating his infraction that reduced his good time credits by 25 days. *Id*. Because a judgment in Plaintiff's favor would necessarily imply the invalidity of the loss of good time credit, which would in turn result in a recalculation of Plaintiff's release date, Plaintiff's § 1983 claim is barred under *Heck* and *Balisok.* Accordingly, his sole remedy for this claim is a writ of habeas corpus.

**Custody Level and Transfer**

Plaintiff claims that he was not transferred although he was classified for a minimum security promotion and seeks restoration of his custody level. Dkt. # 1-2, pp. 4-5. However, it is well established that an inmate has no right to be housed in a particular prison or to have any particular custody classification. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hernandez v. Johnston*, 833 F.2d 1316 (9th Cir. 1987); *Smith v. Noonan*, 992 F.2d 987 (9th Cir. 1993); *May v. Baldwin*, 109 F.3d 557 (9th Cir. 1997). *See also, Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (prison officials "should be accorded wide-ranging deference in the adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.")

Here, Plaintiff has failed to allege how prison officials have deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States by rescinding his minimum security classification or transfer.

**Eighth Amendment Claim**

Plaintiff also claims that he was assaulted by a close custody inmate and claims that this would not

ORDER
Page - 4

have occurred had DOC officials maintained a classification system to keep minimum custody inmates from direct contact with close custody known violent inmates.

With regard to this claim, Plaintiff is advised that prison officials do have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249 F.3d 851, 866 (9th Cir. 2001). However, to establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 US. At 834.

To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed[ an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *Gibson v. County of Washoe*, 290 F.3d 1175, 1187-88 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 US. At 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (ith Cir. 1995).

Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the "serious threat" can be one to which all prisoners are exposed. *See Farmer*, 511 U.S. at 843. Prison officials may, however, avoid liability by presenting evidence that they lacked knowledge of the risk. *See id* at 844; *Gibson*, 290 F.3d at 1187-88. Moreover, prison officials may avoid liability by representing evidence of a reasonable, albeit unsuccessful response to the risk. *See id*. At 844-45; *see generally Berg v. Kincheloe*, 794 F.2d 457, 462 (9th Cir. 1986).

Here, Plaintiff claims that he was assaulted by a close custody inmate during a football game

ORDER
Page - 5

where he was employed as a referee. Dkt. # 1-2, pp. 5-7. He also alleges that he would not have suffered this assault if the DOC, represented by Defendants K. Brunson and E. Veil, "had inmates properly separated." *Id*., p. 8. Plaintiff has not alleged any facts, however, from which the Court might infer that a prison official was deliberately indifferent to a serious threat to his safety. Plaintiff does not allege that any prison official knew of and disregarded an excessive risk to his safety. At best, Plaintiff alleges only a generalized risk to his safety by having to co-mingle "with known violent close custody inmates." *Id., p.* 5. This is not sufficient to state a claim under the Eighth Amendment.

In addition, Plaintiff is advised that he must name the individuals who are responsible for causing him harm. It is not sufficient to merely name individuals in supervisory positions. He must name the individual defendants who violated his federal rights and he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff must show cause explaining why this matter should not be dismissed or, alternatively, he may file an amended complaint curing, if possible, the above noted deficiencies. Plaintiff must show cause or file the amended complaint **no later than May 8, 2009.** If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

ORDER
Page - 6

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C09-5180RJB/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by May 8, 2009, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 20th day of April, 2009.

Karen L. Strombom
United States Magistrate Judge